## UNITED STATES *v.* BROWN.

*(District Court, E. D. South Carolina.   October 11, 1889.)*

1. CRIMINAL LAW—CONFESSIONS—EVIDENCE.
    A sworn confession, made long anterior to trial, and not preliminary thereto, is admissible in evidence.

2. SAME—DEFENDANT AS WITNESS—IMPEACHMENT.
    Where a defendant in a criminal case becomes a witness for himself, under act Cong. March 16, 1878, making him a "competent" witness, his credibility may be impeached.

3. PENSION AGENTS—ILLEGAL FEES—REV. ST. U. S. § 5485.
    It is a violation of Rev. St. U. S. § 5485, which forbids any agent or attorney or other person instrumental in prosecuting any claim for pension directly or indirectly to contract for, demand, receive, or retain any greater compensation for his services than $25, to contract to render such services for more than $25; to demand more than that sum for such services after rendering them without a contract; to

retain more than that sum out of the check sent to the pensioner; to receive more than that sum for such services in pursuance of any agreement, direct or indirect, express or implied, or of any legal or moral obligation; but it is not a violation of the section to receive more than $25 for such services, wholly as a gratuity, and without demand.

4. SAME.

Any scheme or contrivance by which, under the guise of a loan, a mortgage, or a gift, or other dealing, the claim agent retains more than the legal fee, is a violation of the section.

On Indictment for Violation of Rev. St. U. S. § 5485, by Charging an Unlawful Fee for Securing a Pension.

*Abial Lathrop*, U. S. Dist. Atty.

*S. J. Lee*, for defendant.

During the trial the government placed a special pension examiner on the stand. He produced a statement made by the defendant to him, reduced to writing, and sworn to. Defendant objected, on the ground that a confession under oath cannot be admitted. 1 Greenl. Ev. § 225.

SIMONTON, J. The rule laid down by Mr. Greenleaf, and sustained by his authorities, applies to a confession made before an examining magistrate preliminary to a trial; not to a case like this, in which the sworn statement was made long anterior to any prosecution, or to the issuing of any warrant in an investigation made by a special agent of the interior department. This rule is confined to examinations before the committing magistrate. See 1 Greenl. Ev. § 224. The statement offered in evidence is an extrajudicial admission, and must be treated as such.

The government having closed its case, the defendant was put upon the stand and examined. The district attorney sought to put in evidence impeaching his credibility. Defendant's attorney objects.

SIMONTON, J. When a defendant in a criminal case exercises the privilege given him by the act approved 16th March, 1878, and goes on the stand as a witness in his own behalf, he subjects himself to all the exceptions which can properly be made against witnesses. The act makes him a competent, not a credible, witness. His credibility can be attacked, as in the case of other witnesses. This is the rule in South Carolina. *State* v. *Robertson*, 26 S. C. 117, 1 S. E. Rep. 443. I am satisfied with the logic of that decision.

All the testimony being in, the defendant's attorney requested the court to charge the jury that the provisions of section 5485, Rev. St., apply only while the relation of attorney and client or principal and agent exists between the pensioner and the person charged with receiving the money from her. If the money was received by defendant after the pensioner had the check in hand, and when the money was in her possession as her property; it is not a violation of this section.

The district attorney requested the court to charge the jury that if the money was received by the defendant at any time from the pensioner,

and was given by the pensioner either because of a contract, or as a mere gratuity, or from motives of gratitude, for his instrumentality in obtaining the pension, the receipt of the money is a violation of the section.

SIMONTON, J., (*charging jury.*) I will not adopt either of the requests to charge submitted to me. The section in question forbids any agent or attorney or other person instrumental in prosecuting any claim for a a pension directly or indirectly to contract for, demand, receive, or retain any greater compensation for his services or instrumentality in prosecuting a claim for pension than such as is provided in the title pertaining to pensions,—in this case, $25. If you find that the defendant made a contract with the pensioner under which he agreed to render his services in obtaining or securing the pension for more than $25, he has violated the section. If there were no contract, and the defendant, having rendered the service, demanded from the pensioner when she received her check, or at any time after it, more than $25 for his services or instrumentality in obtaining the pension, he has violated the section. If when she received her check the defendant went with her, and drew or assisted in drawing the money, and withheld or retained more than $25 of it for his services or instrumentality in obtaining the pension, he has violated the section. If the pensioner, having come into the possession of her money, gave this defendant more than $25 in consequence of some promise made by her to him, or pursuant to any contract made between her and him, or induced by any understanding or agreement, direct or indirect, express or implied, or by any legal or moral obligation whatsoever between them, either admitted by her or set up by him, and he so received the money, he has violated the section. If she gave him the money of her own free will, without any demand on his part, it not being withheld or retained by him against her wish, wholly as a gratuity, out of gratitude to him for a friendly service, not induced by the fact that a promise or understanding existed by which he should be compensated for his services; or by his setting up and insisting upon such a promise or understanding; or, in the absence of it, by his claiming some merit or desert on his part for such service; in other words, if the money was paid to him without any demand, request, urgency, or action on his part by her, of her own motion,—he has not violated the section.

It has been assumed that the defendant received from the pensioner more than $25. Both sides admit this. The district attorney has requested the court to charge you that any scheme or contrivance by which, under the guise of a loan, a mortgage, or a gift, or other dealing, the claim agent retains more than the legal fee, is a violation of this section. I charge you in those words, concurring fully with Judge HAMMOND in the case of *U. S.* v. *Moyers*, 15 Fed. Rep. 411, which has been quoted.

One more point must be noticed. The indictment alleges that the pensioner, Nellie Deas, is the lawful widow of David Deas, a soldier, etc. It appears that Nellie Deas and David Deas were both slaves in 1857. That in that year they went through the ceremony of marriage before a clergyman, and lived as husband and wife until the death of David Deas,

in 1869. The defendant insists that this proves that no marriage existed, as slaves could not marry. Were it necessary, I would charge you that this testimony would establish a marriage. It is not necessary. On 19th December, 1865, the legislature of South Carolina declared that all colored persons who at that date were living together as husband and wife were husband and wife. 13 St. at Large, S. C. 269. If the pensioner and David Deas in 1865 were living as husband and wife, she is his lawful widow.

**The jury found** the defendant guilty.