ORBAN STEWART v. STATE.

No. A-6359.   Opinion Filed Nov. 24, 1928.
(271 Pac. 959.)

Orban Patterson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted of manslaughter in the first degree in the district court of Oklahoma county, and was sentenced to serve a term of four years in the state penitentiary.

It appears from the record that at the time charged defendant had assumed an indebtedness of $1.50 owed by a relative of his to deceased. He entered a restaurant in

Oklahoma City, where deceased was employed, and deceased demanded payment of the debt. Some words followed, and defendant went out of the restaurant and was on the sidewalk in front. Deceased soon followed him out, and the quarrel was renewed. They clinched, and defendant cut deceased three times with a knife, from the effects of which he died. There was some evidence that deceased was intoxicated. The plea of self-defense was interposed.

Complaint is first made that the evidence leaves in doubt whether deceased died from the effects of the knife wounds or from alcoholism. Except for the evidence that deceased was drinking, or was intoxicated, there is nothing to suggest that his death was due to alcoholism. This contention is without merit.

Next it is argued that one of the court's instructions on self-defense is erroneous, in using the words "greater force," instead of the words "unnecessary force," in informing the jury of defendant's right to repel an attack. No exception was taken to this instruction, nor was any request for additional instruction made, nor was the giving of it assigned as error in the motion for a new trial. The instruction is in the same language as No. 10 of the court's charge in the case of Brantley v. State, 15 Okla. Cr. 6, 175 P. 51. It is not prejudicially erroneous.

It is also contended that the court erred in admitting a written confession made by defendant to the county attorney on the day following the homicide. The confession is sworn to before the court clerk, and it is here urged that, since the confession is sworn to, it is an involuntary statement. A few of the early authorities seem to hold that a statement of the accused made under oath is inadmissible. A confession is defined as a voluntary declaration, made by a person who has committed a crime, to another, acknowledging his agency or participation therein. 16 C. J. p. 715, section 1464; 1 R. C. L. p. 550, section 99. Confessions are judicial or extrajudicial. Judicial confessions are

those made in conformity to law, before a committing magistrate, or in a court in the course of legal proceedings. Extrajudicial confessions are those made by a party elsewhere than before a magistrate or in court. 16 C. J. p. 716, section 1465; 1 R. C. L. p. 551. The confession introduced in evidence in this case is extrajudicial. 1 R. C. L. p. 569, section 104, states the general rule thus:

"An extrajudicial confession otherwise admissible is not rendered inadmissible by virtue of the fact that it was made under oath, the confessor being in no sense a witness and there being no statute excluding such a confession. Accordingly the fact that the confession was taken down in writing and was sworn to by the accused does not affect the admissibility thereof. * * *"

In the case of People v. Owen, 154 Mich. 571, 118 N. W. 590, 21 L. R. A. (N. S.) 520, it is said:

"The fact that the confession was made under oath does not change it from a confession into a deposition in a judicial proceeding, prohibited by section 32, art. 6, Const. Respondent was no more a witness against himself by making a confession under oath without objection, than he would have been by making a confession without an oath. Respondent was not compelled to be a witness in 'any criminal case against himself.' No case was pending. No complaint had been made. He had not been charged with any crime. True he had been caught 'red-handed' in attempting to take the life of a human being, and was promptly arrested. Within a few moments thereafter, he made the confession of an act, the commission of which was not in dispute. The administering of the oath was a circumstance which the jury might consider, in connection with the other circumstances, in determining what effect they would give to the confession. To me it is entirely plain that the constitutional provision does not include statements or confessions by one suspected of, or charged with, the crime, when the confession is not made in the course of a judicial procedure. Had a complaint been made, and the respondent brought before an examining magistrate, and had he then been asked under oath the questions the respondent in this case was asked, it might well be held to

be within the constitutional prohibition. The authorities recognize this distinction. That a confession under oath is admissible is held by the following authorities: Com. v. Wesley, 166 Mass. 248, 44 N. E. 228; Schoeffler (Shoeffler) v. State, 3 Wis. 823; Com. v. Clark, 130 Pa. 641, 18 A. 988; State v. Legg, 59 W. Va. 315, 3 L. R. A. (N. S.) 1152, 53 S. E. 545; United States v. Brown (D. C.) 40 F. 457. * * *"

There is nothing in the record before us which indicates that the confession was involuntary. In the trial of this case, defendant took the stand in his own behalf, but did not testify that the confession was involuntary, and his testimony was not materially variant from his confession. No reason for a reversal is apparent.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.